```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF UTAH
```

_____

| | |
|---|---|
| RONALD DEAN LANCASTER, | **MEMORANDUM DECISION & ORDER DENYING HABEAS PETITION** |
| Petitioner, | |
| v. | Case No. 2:09-CV-930 DN |
| ALFRED BIGELOW, | Magistrate Judge David Nuffer |
| Respondent. | |

_____

Petitioner, Ronald Dean Lancaster, an inmate at Utah State Prison, filed this habeas corpus petition,[1] in which he attacks the same conviction he attacked in prior petitions that this Court denied.[2] Respondent thus argues that the current petition should be denied as "second or successive."[3]

## "SECOND OR SUCCESSIVE" ANALYSIS

The Court agrees that it lacks jurisdiction over this second or successive habeas application absent prior authorization from the Tenth Circuit Court of Appeals.[4] Because Petitioner has not sought such authorization, the Court may not consider the merits of the petition.

_____

[1] *See* 28 U.S.C.S. § 2254 (2010).

[2] *See Lancaster v. Van Der Veur*, No. 2:91-CV-641-BSJ (D. Utah Mar. 24, 1992), *aff'd*, No. 92-4006, 1992 WL 208181 (10th Cir. Aug. 18, 1992) (unpublished); *Lancaster v. Cook*, No. 2:89-CV-35-AJA (D. Utah July 18, 1990), *aff'd*, No. 90-4113, 1991 WL 35186 (10th Cir. Feb. 20, 1991) (unpublished).

[3] *See* U.S.C.S. § 2244(b) (2010).

[4] *See id.* § 2244(b)(3)(A).

Under 28 U.S.C.S. § 1631 (2010), the Court has discretion to transfer this misfiled petition to the court of appeals "if . . . it is in the interest of justice." In determining here that a transfer would not be in the interest of justice, the Court must determine

> whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.[5]

First, the issue of a time bar is inapplicable here, as Petitioner has more than exhausted his claims regarding the unconstitutionality of the statute under which he was convicted, as well as the length of his sentence. Second, these claims clearly lack merit in that they have gone the rounds of direct appeal and post-conviction relief, both in the state courts and in this Court, and have been repeatedly rejected.[6] Third, it should have been obvious to Petitioner, upon filing claims redundant of those raised and denied in his many earlier cases, that his current petition was not filed in good faith and that

---

[5] *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008).

[6] *See, e.g., Lancaster*, No. 2:91-CV-641-BSJ, *aff'd*, No. 92-4006, 1992 WL 208181 (rejecting Petitioner's second habeas petition); *Lancaster*, No. 2:89-CV-35-AJA, *aff'd*, No. 90-4113, 1991 WL 35186 (rejecting Petitioner's first federal habeas petition); *Lancaster v. Utah Bd. of Pardons*, 869 P.2d 945 (Utah 1994) (rejecting Petitioner's petition in state court for post-conviction relief); *State v. Lancaster*, 765 P.2d 872 (Utah 1988) (affirming conviction on direct appeal), *cert. denied*, 506 U.S. 1003 (1992); *Lancaster v. Bigelow*, 2009 UT App 176 (rejecting Petitioner's post-conviction motion/petition for relief).

2

this Court would lack jurisdiction over such a second or successive petition.  It should also have been clear to Petitioner when he filed this petition that this Court lacked the necessary jurisdiction.  He is no stranger to the term "second or successive" because it was specifically applied to his past federal petition.[7]

## OTHER CLAIM

The petition also raises an issue regarding the execution of Petitioner's sentence, which the Court construes as a claim under 28 U.S.C.S. § 2241 (2010).  In particular, Petitioner contends that the Utah Board of Pardons (BOP) violated his rights by not holding five-year-interval redetermination hearings, as mandated by state law and BOP rules.

Under § 2241, "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."[8]  As to BOP's decision about the length of Petitioner's prison stay and its compliance with its own hearing procedures, Petitioner never states how his federal rights have been violated.  Nor can he do so effectively.  "[T]here is no [federal] constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"--in this case, a span

---

[7]*Lancaster*, No. 92-4006, 1992 WL 208181, at *1.

[8]28 U.S.C.S. § 2241(c) (2010).

3

extending to life in prison.[9]  Also, the Utah law does not create a liberty interest entitling prisoners to federal constitutional protection.[10]

The Court also considers Petitioner's arguments as based on alleged violations of state law.  Utah law is neither controlling nor persuasive in this federal case.  It is well-settled that a federal court may grant habeas relief only for violations of the Constitution or laws of the United States.[11]  Errors of state law do not constitute a basis for relief.[12]  Petitioner thus has no valid argument here grounded on state law.

## CONCLUSION

The Court lacks jurisdiction to review this second or successive petition.  And, it is not in the interest of justice to transfer the case to the Tenth Circuit Court of Appeals.

Further, Petitioner's claim regarding the execution of his sentence, under 28 U.S.C.S. § 2241 (2010), is refused, because he has not shown a federal constitutional violation.

---

[9] *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

[10] *See Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994).

[11] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

[12] *Estelle*, 502 U.S. at 67; *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

IT IS THEREFORE ORDERED that Respondent's motion to dismiss this habeas corpus petition is GRANTED.[13]  This case is CLOSED.

DATED this _10th___ day of January, 2011.

BY THE COURT:

_____
DAVID NUFFER
United States Magistrate Judge

---

[13] (*See* Docket Entry # 12.)